This memorandum opinion was not selected for publication in the New Mexico Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

## IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**TIM JIMERSON,**

Plaintiff-Appellee,

v.                                                          **NO. 30,093**

**ISAAC JACQUEZ,**

Defendant-Appellant,

**APPEAL FROM THE DISTRICT COURT OF SAN JUAN COUNTY**
**William C. Birdsall, District Judge**

Gerding & O'Loughlin, P.C.
Richard Gerding
Farmington, NM

for Appellee

Isaac Jacquez
Navajo Dam, NM

Pro Se Appellant

## MEMORANDUM OPINION

**FRY, Chief Judge.**

Defendant Isaac Jacquez ("Defendant") appeals pro se from an order denying all pending motions in San Juan County cause no. CV 2002-427 (RP-02), and a

judgment and order for foreclosure sale in San Juan County cause no. CV 2008-1563 (RP-08). We proposed to affirm in a notice of proposed summary disposition.

In response to our proposed disposition, Defendant filed a motion to petition the appellate court to expose opposing counsel's conflict of interest, breach of confidentiality, and abuse of process on February 19, 2010 (2/19 motion). Attached to the motion, Defendant filed a memorandum in opposition to summary disposition and a modified docketing statement (2/19 memo). On February 22, 2010, Defendant filed a memorandum in support of calendared affirmation, motion, relief from judgment (2/22 memo). Attached was a motion to renounce and prohibit Mr. Gerding from any further legal action in this matter (2/22 motion) and a memorandum in support of calendared affirmation (2/22 2nd memo). We have duly considered the arguments contained in all of Defendant's filings and remain unpersuaded that our proposed disposition was in error. Moreover, after considering Defendant's motions pertaining to Plaintiff's counsel, we are unpersuaded that they warrant relief. Therefore, we affirm the orders in cause nos. CV 2002-427 and CV 2008-1563 and deny Defendant's motions.

In his docketing statement, Defendant challenges the stipulated judgment that was entered in favor of Plaintiff on September 15, 2008. [DS 1; RP-02/117] He contends that he only entered the stipulated judgment because he was threatened. [DS 2] Defendant also challenges the judgment declaring that Plaintiff has rights in Defendant's property to satisfy the September 15, 2008, stipulated judgment. [DS 1-

3; RP-08/298; RP-02/117] He claims that the judgment and order for foreclosure sale resulted in his property being stolen. [DS 2]

**San Juan County cause no. CV 2002-427**

As to the September 15, 2008, stipulated judgment, we proposed to affirm in our notice of proposed summary disposition. We noted that Defendant had appealed from that judgment in Court of Appeals Case No. 29,061, [RP-02/126] and this Court had issued a notice of proposed summary disposition proposing to affirm. [RP-02/159] Defendant then filed a motion to dismiss the appeal which was granted on January 23, 2009. [RP-02/164]

Defendant sought to reopen this proceeding by filing a motion to dismiss the complaint, [RP-02/181] but the district court denied Defendant's motion on November 18, 2009, because he already had his day in court, including an appeal to this Court. [RP-02/200] Assuming without deciding that the district court had the authority to consider Defendant's motion, filed more than a year after the final judgment, pursuant to Rule 1-060(B)(6) NMRA, we proposed to affirm that court's order. *See Meiboom v. Watson*, 2000-NMSC-004, ¶¶ 19, 33, 128 N.M. 536, 994 P.2d 1154 (holding that in order to obtain relief from judgment, the movant must show compelling circumstances and must file the motion within a reasonable time); *Resolution Trust Corp. v. Ferri*, 120 N.M. 320, 326, 901 P.2d 738, 744 (1995) (stating that the district court may grant relief from judgment under Rule 1-060(B)(6) but the movant must show exceptional circumstances "beyond the grounds enumerated in the other subsections"); *see also Sun Country Sav. Bank of N.M., F.S.B. v. McDowell*, 108 N.M. 528, 532, 775 P.2d 730, 734 (1989) (holding that the district court did not abuse its discretion in refusing to set aside its entry of final judgment which was based in part

on the stipulations between the parties and recognizing that "Rule 1-060 was not designed nor does it permit relief from final orders when the effect of such relief would free the moving party from calculated voluntary choices and decisions previously made").

In his filings in opposition to our proposed disposition, Defendant makes contentions about the facts underlying Plaintiff's claim which resulted in the stipulated judgment including a history of negative dealings between Plaintiff and Defendant's family and contentions that Plaintiff may have assumed the risk that ended up causing his injury. [2/19 memorandum at 1; 2/22 2nd memo at 1-2] He argues that he was forced to enter the stipulated judgment and that his counsel failed to adequately represent him. [2/19 memo at 2] He also claims that his counsel was biased and amoral, that Plaintiff's counsel had a conflict of interest because his law firm was involved in the preparation of Defendant's mother's will, and that the judge in that matter may have also been associated with that law firm at some point. [2/19 memo at 2-4] Finally, he attaches a number of exhibits to his 2/22 memo including a quit claim deed and newspaper articles. [*See generally* 2/22 memo]

We are not persuaded that any of Defendant's contentions warrant reversal of the district court's order. First, it is not clear whether Defendant raised these issues in district court, and Defendant has failed to provide us with any indication as to whether and where these issues were addressed below. *See Crutchfield v. N.M. Dep't of Taxation & Revenue*, 2005-NMCA-022, ¶ 14, 137 N.M. 26, 106 P.3d 1273 (filed 2004) (stating that an appellant is required to "specifically point out where, in the

5

record, the party invoked the court's ruling on the issue. Absent that citation to the record or any obvious preservation, we will not consider the issue"). Therefore, this Court does not consider these matters as appropriate for review. *See Campos Enters., Inc. v. Edwin K. Williams & Co.*, 1998-NMCA-131, ¶ 12, 125 N.M. 691, 964 P.2d 855 (stating that this Court will not review arguments that are raised for the first time on appeal). We also note that our review of the records fails to indicate that the exhibits attached to Defendant's 2/22 memo were presented to the district court. [*See* RP-02; RP-08] *See Jemko, Inc. v. Liaghat*, 106 N.M. 50, 54, 738 P.2d 922, 927 (Ct. App. 1987) ("It is improper to attach to a brief documents which are not part of the record on appeal."). Accordingly, we will not consider these documents. *See id.* In addition, as previously stated, Defendant was already given an opportunity to have the stipulated judgment reviewed, yet he dismissed that appeal. We decline to afford Defendant an additional opportunity to challenge these matters by raising them in a second appeal.

Finally, we note that the district court found that Defendant had failed to establish any justification for setting aside the final judgment, and we are not persuaded that the district court erred in that determination. *See Sun Country Sav. Bank of N.M., F.S.B.*, 108 N.M. at 532, 775 P.2d at 734 (stating that "Rule 1-060 was not designed nor does it permit relief from final orders when the effect of such relief would free the moving party from calculated voluntary choices and decisions previously made"). As to any potential bias by the district court judge, Defendant has failed to indicate anything suggesting bias aside from a potential former employment

6

with a law firm that performed work for both Plaintiff and for Defendant's family. We are unwilling to conclude that the district court was biased because of a job she might have held at some point in the past. *See United Nuclear Corp. v. Gen. Atomic Co.*, 96 N.M. 155, 250, 629 P.2d 231, 326 (1980) (explaining that there must be a reasonable factual basis for doubting the judge's impartiality).

Therefore, we affirm the district court's denial of Defendant's motion for relief from judgment in CV 2002-427.

**San Juan County cause no. CV 2008-1563**

In his docketing statement, Defendant contends that the foreclosure sale should be enjoined because the underlying judgment was a product of coercion. [DS 1-2] We proposed to affirm because, for the reasons previously discussed, we were not convinced that the underlying judgment should be set aside. We also noted that Defendant had failed to provide us with any other reasons for reversing or vacating the judgment and order of foreclosure. *See Clayton v. Trotter,* 110 N.M. 369, 373, 796 P.2d 262, 266 (Ct. App. 1990) (stating that an appellant is responsible for asserting arguments that can be understood by this Court and observing that the Court is not obligated to consider unclear arguments). Therefore, we proposed to affirm the district court's order. *Roark v. Farmers Group, Inc.*, 2007-NMCA-074, ¶ 39, 142 N.M. 59, 162 P.3d 896 (noting that the appellant "appear[ed] to make several additional arguments that are extremely difficult to understand . . . [and failed to ] recite an applicable standard of review, cite to the record, or develop any of these

additional arguments in an understandable way" and thus these unclear arguments need not be considered on appeal).

In his memorandum in opposition, Defendant makes no additional contentions beyond those raised in his attempt to obtain relief from judgment in CV 2002-427. Therefore, for the reasons previously discussed, we affirm on this issue.

**Motion**

In his 2/19 and 2/22 motions, Defendant claims that from 1996-1997, Plaintiff's counsel was a partner in the law firm that was involved in matters concerning the will and estate of Defendant's mother. [2/19 motion at 1; 2/22 motion] He claims that as a result of this involvement, Plaintiff's counsel conspired to steal the inheritance of Defendant's family and used private information to unfair advantage. [2/19 motion] As a result of the alleged conflict of Plaintiff's attorney, Defendant asks this Court to "renounce" Plaintiff's counsel. [2/19 motion at 3; 2/22 motion] We decline to do so.

First, we are not convinced that Defendant raised the issue of any potential conflicts in a timely manner. He should have raised this issue in district court as soon as he realized Plaintiff's counsel may have been biased. *See United Nuclear Corp.*, 96 N.M. at 244, 629 P.2d at 320 (stating that "[a] motion to disqualify opposing counsel should be filed at the onset of the litigation," or at the least with reasonable diligence and promptness and a "failure to act promptly may warrant denial of the motion" (footnote omitted)). Instead, the record fails to indicate whether Defendant ever raised this issue to the district court. *See Crutchfield*, 2005-NMCA-022, ¶ 14. It is well-established that this Court will not act as a fact finder. *See State v. Gonzales*,

8

1999-NMCA-027, ¶ 9, 126 N.M. 742, 975 P.2d 355 ("It is a bedrock principle of appellate practice that appellate courts do not decide the facts in a case."). As Defendant's arguments about potential conflicts should have been addressed to the district court, we refuse to consider them for the first time on appeal. *See Campos Enters., Inc.*, 1998-NMCA-131, ¶ 12 (stating that this Court will not review arguments that are raised for the first time on appeal). Thus, we deny Defendant's motion because we will not address Defendant's arguments concerning an alleged conflict of interest for the first time on appeal.

**March 24, 2010, Filing**

On March 24, 2010, Defendant filed another pleading captioned "Attachment to February 19, 2010 Memorandum and Amended Docketing Statement." In this filing, Defendant makes additional arguments regarding the stipulated judgment in CV 2002-427, contending that his counsel was colluding with Plaintiff's counsel and that the district court judge was biased. He also attempts to reargue the merits of the judgment in that case. We decline to consider the arguments raised by Defendant because his submission was untimely, he did not seek leave of this Court before filing it, and he has failed to comply with the appellate rules. *See* Rule 12-210(D)(3) NMRA (stating that a party has twenty days from service of this Court's notice of proposed disposition "to serve and file a memorandum setting forth reasons why the proposed disposition should or should not be made"); *State v. Rael*, 100 N.M. 193, 197, 668 P.2d 309, 313 (Ct. App. 1983) (noting that, in a case assigned to the summary calendar, a motion to amend will only be considered timely if it is filed prior

to the expiration of the time for filing a memorandum in opposition and a successful motion must also comply in all other respects with the appellate rules); *see also Newsome v. Farer,* 103 N.M. 415, 419, 708 P.2d 327, 331 (1985) (holding that pro se litigants are held to the "same standard of conduct and compliance with court rules, procedures, and orders as are members of the bar").

**CONCLUSION**

For the reasons set forth herein and in our previous notice, we affirm the district court's judgment and order for foreclosure sale in CV 2008-1563, and the district court's order denying Defendant's implicit motion for relief from judgment in CV 2002-427. We deny Defendant's motion regarding the alleged conflict of interest of Plaintiff's counsel.

**IT IS SO ORDERED.**

_____

**CYNTHIA A. FRY, Chief Judge**

**WE CONCUR:**

_____

**MICHAEL E. BUSTAMANTE, Judge**

_____

**CELIA FOY CASTILLO, Judge**